**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREGORY WARGO, JR., *Plaintiff*, v. NYU WINTHROP HOSPITAL; WINTHROP- UNIVERSITY HOSPITAL SERVICES CORP.; NYU LANGONE HEALTH SYSTEM; NYU LANGONE HOSPITALS; TOWNE PARK, LLC; JOHN GROSS, individually; MARK WARREN, individually; DENNIS SHERIDAN, individually; and TIMOTHY IRBY, individually, *Defendants*. NYU WINTHROP HOSPITAL, WINTHROP-UNIVERSITY HOSPITAL SERVICES CORP., NYU LANGONE HEALTH SYSTEM, NYU LANGONE HOSPITALS, JOHN GROSSE, MARK WARREN, DENNIS SHERIDAN, and TIMOTHY IRBY, *Third Party Plaintiffs*, v. E & B PARKING SERVICES, INC. *Third Party Defendant*. | Case No. 2:20-cv-01993-SJF-ST **THIRD PARTY COMPLAINT AGAINST E & B PARKING SERVICES, INC.** |

Defendants-Third Party Plaintiffs NYU Winthrop Hospital, NYU Langone Health System, NYU Langone Hospitals, Winthrop-University Health Services Corp., John Grosse, Mark Warren, Dennis Sheridan and Timothy Irby (collectively,

1

"Third Party Plaintiffs"), by way of Third Party Complaint against Third Party Defendant E & B Parking Services, Inc. ("E&B"), allege as follows:

## PARTIES

1. Third Party Plaintiff NYU Winthrop Hospital, located in Mineola, New York (formerly known as Winthrop University Hospital), is now part of Third Party Plaintiff NYU Langone Hospitals, a New York not-for-profit hospitals corporation with its principal office at 550 First Avenue, New York, New York.  Until the August 1, 2019 merger of NYU Winthrop into NYU Langone Hospitals, NYU Winthrop Hospital was a New York not-for-profit corporation with its principal office at 259 First Street, Mineola, New York.

2. Third Party Plaintiff NYU Langone Health System is a New York not-for-profit corporation with its principal office at 550 First Avenue, New York, New York.  (NYU Winthrop Hospital, NYU Langone Hospitals and NYU Langone Health System are collectively referred to as "NYULH Winthrop".)

3. Third Party Plaintiff Winthrop-University Health Services Corp. ("W-UHSC") is a New York corporation with its principal place of business in Mineola, New York.  It was improperly named as a party defendant by Plaintiff's Complaint in this action.[1]

4. Third Party Plaintiffs John Grosse ("Grosse"), Mark Warren ("Warren"), Dennis Sheridan ("Sheridan") and Timothy Irby ("Irby") were employees of NYU Winthrop Hospital at the time of the incidents alleged in Plaintiff Gregory Wargo,

---

[1] W-UHSC has no employees and never employed Plaintiff or anyone related this action.

Jr.'s ("Plaintiff" or "Wargo") Amended Complaint in this civil action (Docket Index No. 15), a copy of which is attached hereto as Exhibit "A" (the "Complaint"). Third Party Plaintiffs Grosse, Warren, Sheridan and Irby are all citizens of the State of New York.

5.  Third Party Defendant E & B Parking Services, Inc. ("Third Party Defendant" or "E&B") is a Georgia corporation authorized to do business in the State of New York. On information and belief, E&B is a subsidiary, division or affiliate of Defendant Towne Park, LLC ("Towne Park"). E&B's principal place of business is either in the State of Pennsylvania (the location of its executive office, Conshohocken, Pennsylvania, according to the New York State Secretary of State's on-line record of E & B's registration as a foreign corporation authorized to do business in New York), and/or in the alternative, in Annapolis, Maryland where the executive office of E&B's affiliate or parent Defendant Towne Park, is maintained.

## JURISDICTION AND VENUE

6.  Plaintiff's Complaint (Ex. A) alleges claims of hostile work environment, retaliation and harassment against Defendant Towne Park and the Third Party Plaintiffs under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-1 et seq. ("Title VII") and the New York State Human Rights Law, N.Y. Executive §296 ("NYS Human Rights Law"), and a common law claim of negligent hiring, training, supervision and retention. Plaintiff alleges this Court has federal question subject matter jurisdiction of the Title VII claims and supplemental jurisdiction of the other claims asserted in the Complaint.

7. This Court has supplemental jurisdiction over the claims against E&B asserted in this Third Party Complaint pursuant to 28 U.S.C. §1367(a), as they arise out of the incidents alleged in the Complaint and, as set forth below, are so related to the Title VII claims asserted by Plaintiff in this action and arise out of the same nucleus of operative facts alleged by Plaintiff, that they form part of the same case or controversy under Article III of the United States Constitution.

8. In the alternative, this Court has subject matter jurisdiction over the Third Party Complaint as against E&B for contractual indemnification, common law indemnification and common law contribution, pursuant to 28 U.S.C. § 1332. As set forth below, there exists complete diversity of citizenship between the parties to this third party action and the amount in controversy exceeds $75,000.

9. Plaintiff, allegedly a citizen of New York (Complaint, Ex. A, ¶ 7), seeks in excess of $75,000, exclusive of interest and costs, from Third Party Plaintiffs, including Plaintiff's attorney's fees if Plaintiff prevails on his Title VII or NYS Human Rights Law claims. Third Party Plaintiffs' contractual and common law claims against E&B for Third Party Plaintiff's' own attorney's fees in defending themselves in this lawsuit, if E&B continue to deny indemnification, also will exceed $75,000, exclusive of interest and costs.

10. Third Party Plaintiffs NYU Langone Health and NYU Langone Hospitals (of which NYU Winthrop Hospital is a part), are New York not-for-profit corporations with their principal place of business New York, New York, and thus are citizens of New York. Third Party Plaintiff W-UHSC is a New York Corporation with

its principal place of business in Mineola, New York, and thus is a citizen of New York. Third Party Plaintiffs Grosse, Warren, Sheridan and Irby are all citizens of the State of New York.

11. Third Party Defendant E&B, is a Georgia corporation. E & B's principal place of business is either in the State of Pennsylvania (the location of its executive office, Conshohocken, Pennsylvania, according to the New York State Secretary of State's on-line record of E & B's registration as a foreign corporation authorized to do business in New York), or in the alternative, in Annapolis, Maryland where the executive office of its affiliate or parent, Defendant Towne Park, is headquartered. Therefore, E&B is a citizen of the States of Georgia, and of Pennsylvania and/or Maryland.

12. This Court has personal jurisdiction over Third Party Defendant E&B because E&B is a foreign corporation authorized to do business in New York, and in connection with the contract between NYU Winthrop Hospital and E&B, E&B did substantial business in New York.

**FIRST COUNT**

**CONTRACTUAL INDEMNIFICATION**

13. NYU Winthrop Hospital (previously known as Winthrop University Hospital and sometimes referred to as the "Hospital") and Third Party Defendant E&B Parking Services, Inc. ("E&B") entered into a certain written Parking Service Management Agreement (the "Agreement") effective January 1, 2015, whereunder E&B agreed to provide certain parking and garage management services on the

5

premises of NYU Winthrop Hospital, including providing E&B personnel to perform such functions at NYU Winthrop Hospital.

14. E&B is a division, subsidiary or affiliate of Defendant Towne Park ("Towne Park"). On information and belief, Towne Park directed and/or managed E&B's performance of the Agreement, or in the alternative Towne Park itself performed some or all of E&B's obligations to NYU Winthrop Hospital under the Agreement.

15. The Agreement was in effect during the periods of time alleged in Plaintiff Complaint.

16. Paragraph 5(a) of the Agreement states, in pertinent part:

Employees of E&B shall provide the services. E&B shall recruit, employ, train, discipline and properly supervise all employees necessary for the smooth and efficient operation of the Services pursuant to this Agreement and in a manner that is customary within the industry.

17. Paragraph 5(b) of the Agreement states, in pertinent part: "All employees of E&B, when on the Hospital premises, shall conduct themselves in a manner consistent with the standards, quality and image of the Hospital."

18. Paragraph 5(c) of the Agreement provides in pertinent parts that E&B will conduct background checks on employees it assigns to perform parking and garage management services at the Hospital, including confirming that E&B's employees are not on a sex offender registry.

19. Paragraph 6 of the Agreement states that: "E&B affirms that it will comply with all applicable laws and regulations prohibiting employment discrimination in the performance of this Agreement."

6

20. Paragraph 14 of the Agreement provides, in pertinent parts, that:

E&B shall defend, at E&B's or E&B's insurance carrier's expense and with legal counsel of E&B's or E&B's insurance carrier's choosing, indemnify and hold Hospital and its officers, directors, agents, and employees . . . harmless from, and against, any and all . . . [Claims] sustained by Hospital by reason of claims of third parties and directly attributable to the negligence or misconduct of E&B or any of its agents, or employees . . . .

21. Paragraph 13 of the Agreement, provides, in pertinent parts, that:

E&B shall purchase and maintain insurance in accordance with the provisions set forth in this Agreement. Subject to the terms and conditions of E&B's insurance policies, such insurance shall be in such form and substance to reasonably and customarily protect E&B and Hospital from the types of claims which may arise out of or result from E&B providing the Services. . . . [T]he Hospital . . . shall be named as an additional Insured . . . entitling them to recover under such policies for any loss sustained by them, their agents, or employees. . . .

E&B Shall provide to the Hospital certificates of insurance evidencing the existence of insurance coverage and shall, upon the request of the Hospital provide copies of each policy of insurance at the cost and expense of E&B. . . . E&B shall maintain the following insurance coverage without interruption from the date of commencement of Services and for the remainder of the term of the Agreement: . . . .

(f) Umbrella/Excess Liability insurance of $5,000,000 per occurrence/annual aggregate, such coverage shall be as broad include as underlying policies employers' liability, general liability, and automobile liability.

22. The Agreement was in effect at all times relevant to the claims alleged in the Complaint.

23. Paragraph 17 of the Agreement contains a survival clause, whereby, among other provisions, "any and all obligations by either party to the other to defend, indemnify, and hold harmless" are expressly agreed to survive the term or termination of the Agreement for any reason.

7

24. As set forth in the Complaint (Ex. A), including but not limited to, paragraphs 18-21 and 24-30, Plaintiff alleges that he was repeatedly sexually harassed by an employee of Towne Parke, LLC named Donald (LNU). On information and belief, such individual (Donald) was an employee of E&B, or in the alternative, Towne Park undertook E&B's obligations to NYU Winthrop Hospital and on behalf itself and E&B, and Towne Park employed such individual (Donald) in connection with the performance of the Agreement.

25. Donald was assigned to work on the premises of NYU Winthrop Hospital pursuant to the Agreement by E&B or in the alternative by E&B's parent or affiliate, Towne Park in connection with the performance of the Agreement.

26. Plaintiff further alleges in Paragraph 31 of the Complaint that a supervisor for Towne Park named Ruiz (LNU) was "aware of the prior complaints about Donald's inappropriate behavior." On information and belief, such alleged supervisor (Mr. Ruiz) was employed by E&B or alternatively Towne Park employed Mr. Ruiz in connection with the performance of E&B's obligations under the Agreement.

27. Stemming from the alleged harassment by E&B's (or its parent or affiliate, Towne Park's) employee, Donald, who was assigned to work at NYU Winthrop Hospital's premises by E&B (or by its parent or affiliate Towne Park), Plaintiff has alleged causes of action based on hostile work environment, harassment and retaliation under Title VII and the New York State Human Rights Law, as well

8

as a cause of action for negligent hiring/training/retention/supervision with respect to the employment of Donald.  See Ex. A, Complaint. ¶¶ 67-91.

28.   Plaintiff alleges that as a result of the conduct giving rise to the aforementioned causes of action, he has suffered pecuniary loss, career and reputational damage, lost work opportunities, and emotional distress.  *See* Ex. A, Complaint, ¶ 92.

29.   If Plaintiff sustained any damages as alleged in the Complaint, which damages are denied by the Third Party Plaintiffs, such damages were caused by the negligence, culpable conduct and/or wrongful act(s) of E&B, its agents, servants and/or employees, and not by any acts of negligence, culpable or wrongful conduct of the Third Party Plaintiffs, their agents, servants and/or employees.

30.   NYULH Winthrop has demanded indemnification by E&B for the claims of Plaintiff and the injuries alleged to be suffered by Plaintiff as a result of the E&B (or Towne Park) employee (Donald) assigned to work at NYU Winthrop Hospital by E&B (or Towne Park) pursuant to the Agreement.   E&B and its affiliate or parent, Defendant Towne Park, have refused to indemnify the Third Party Plaintiffs for and against the claims alleged by Plaintiff against them.

31.   Pursuant to the Agreement, Third Party Plaintiffs are contractually entitled to be indemnified and to recover the full amount of any judgment that may be entered in favor of Plaintiff and against any of the Third Party Plaintiffs and for damages incurred as a result of Plaintiff's lawsuit, including Third Party Plaintiff's own  attorney's fees and costs incurred in their defense of this action.

## SECOND COUNT

## COMMON LAW INDEMNIFICATION

32. Any obligation imposed upon the Third Party Plaintiffs to respond in damages to the Complaint could only be as a result of operation of law based upon liability technical, imputed, or implied, whereas the actual fault and negligence is against Third Party Defendant, E&B Parking Services, Inc.

33. Any claimed obligation of the Third Party Plaintiffs to respond in damages to the Complaint based upon an alleged breach of duty is based on the act or failure to act was that of Third Party Defendant, E&B Parking Services, Inc.

34. Any liability asserted against the Third Party Plaintiffs was passive, whereas the active and primary cause of any injuries, damages or losses which may have been sustained by Plaintiff, as alleged in the Complaint, are the result of Third Party Defendant, E&B Parking Services, Inc.

35. By reason of the foregoing, the Third Party Plaintiffs are entitled to be indemnified and to recover the full amount of any judgment that may be awarded against them in favor of Plaintiff, with costs and Third Party Plaintiffs' attorney's fees incurred in the defense of this action from Third Party Defendant, E&B Parking Services, Inc.

## THIRD COUNT

## CONTRIBUTION

36. By reason of the foregoing and the allegations of the Complaint, if any recovery is awarded against the Third Party Plaintiffs, they are entitled to judgment

over and against Third Party Defendant, E&B Parking Services, Inc. for contribution in the amount of the excess paid by the Third Party Plaintiffs over and above their equitable share of the judgment, verdict and/or recovery, as determined in accordance with the relative culpability of each party liable for contribution.

**WHEREFORE**, the Third Party Plaintiffs respectfully demand judgment in their favor and against Third-Party Defendant, E&B Parking Services, Inc., for damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff and against any of the Third Party Plaintiffs, as well as for Third Party Plaintiffs' own attorney's fees and cost, interest and such other relief as this Honorable Court deems appropriate.

Dated:     New York, New York
           June 26, 2020

>                    SCHOEMAN UPDIKE KAUFMAN
>                    & GERBER LLP
>                    *Attorneys for Defendants/Third Party Plaintiffs, NYU Winthrop Hospital, Winthrop-University Hospital Services Corp., NYU Langone Health System, NYU Langone Hospitals, John Grosse, Mark Warren, Dennis Sheridan, and Timothy Irby*
>
>                By: */s/ Steven Gerber*
>                    Steven Gerber
>                    Christopher M. McFadden

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused to be served, via the Court's ECF system, a true and correct copy of the foregoing pleading on all counsel of record registered with the Court's ECF system via ECF.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

                                                               */s/ Steven Gerber*
                                                              Steven Gerber

Dated: June 26, 2020